**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Cargo Freight, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Big M Transportation, Inc., Big M II, Inc. f/k/a Diesel Express, Inc., Big M Logistics, Inc., and Michael Massengill, <br><br> Defendants. | C/A No. _____ <br><br> **COMPLAINT** <br> (*non-jury*) <br> (Violation of 49 U.S.C § 14916, <br> Breach of Contract, and Unjust Enrichment) |

**TO:    DEFENDANTS ABOVE-NAMED:**

Plaintiff Cargo Freight, LLC, by and through the undersigned counsel, files this complaint against Defendants Big M Transportation, Inc., Big M II, Inc. f/k/a Diesel Express, Inc., Big M Logistics, Inc., and Michael Massengill, and in support thereof alleges as follows:

## PARTIES

1.      Cargo Freight, LLC ("Cargo Freight") is a limited liability company domiciled in Horry County, South Carolina.

2.      Big M Transportation, Inc. ("Big M") is a transportation company incorporated and domiciled in Tippah County, Mississippi and it operates in all states of the continental United States, including the State of South Carolina.

3.      Big M II, Inc. f/k/a Diesel Express, Inc. ("Big M II") is a freight brokerage company incorporated and domiciled in Tippah County, Mississippi and it operates in all states of the continental United States, including the State of South Carolina.

4.      Big M Logistics, Inc. ("Big M Logistics") is a freight brokerage company incorporated and domiciled in Tippah County, Mississippi and it operates in all states of the continental United States, including the State of South Carolina.

5.      Michael Massengill ("Massengill") is a citizen and resident of Tippah County, Mississippi. Massengill is the President, Secretary, Treasurer, and/or Director of Big M, Big M II, and Big M Logistics.

## JURISDICTION

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because violation of the 49 U.S.C. § 14916 raises a federal question.

7.      This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there exists complete diversity of citizenship between Cargo Freight and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

8.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the underlying claim occurred in the State of South Carolina, including the transmission of over seventy-one (71) contracts by Big M II to Cargo Freight in Horry County.

## FACTUAL BACKGROUND

9.      This is an action to recover damages pursuant to 49 U.S.C. § 14916, breach of contract, and unjust enrichment arising out of contracts for the delivery of freight performed by Cargo Freight as a freight carrier under contract with Big M II as an interstate broker.

10.      Between April 1, 2026, and April 19, 2026 Big M II executed and delivered to Cargo Freight certain Rate Confirmation Agreements for Big M II, Inc. ("RCAs") to induce Cargo

2

Freight to transport loads brokered by Big M II in exchange for payment for the same. The RCAs included a Bill of Lading for the load and a Load Confirmation which identified the carrier, pickup and delivery addresses, and payment for completing the load. A copy of the RCAs are attached hereto and incorporated herein by reference as **Exhibit A**, which is a true and accurate copy.

11.     Between April 3, 2026, and April 19, 2026, Big M II contracted with Cargo Freight to carry approximately seventy-one (71) different loads for Big M II.

12.     Cargo Freight carried and delivered each of the loads in a timely fashion.

13.     After each carry of the loads, Cargo Freight delivered an invoice (the "Invoices") to Big M II for its labor, materials, and other costs associated with carrying Big M II's loads. The Invoices amount to One Hundred Fifteen Thousand and 00/100 ($115,000.00) Dollars. A true and accurate copy of the Invoices is attached as **Exhibit B**.

14.     Payment was due to Cargo Freight upon completion of a load, which was confirmed by a corresponding Invoice provided to Big M II for payment.

15.     The RCAs provide that the rate is contingent upon successful and on-time completion of all load requirements and that the Carrier Invoice, Proof of Delivery, and Applicable Receipts must be presented for payment.

16.     Cargo Freight met each of the requirements that the rate was contingent upon.

17.     Big M II failed to timely remit payment to Cargo Freight despite being invoiced and receiving the benefit of Cargo Freight's deliveries.

18.     Despite multiple demands from Cargo Freight for payment of the past due amount, Big M II has failed to remit payment of the aforementioned account balance.

19.     As of this date of filing, Cargo Freight has fully performed all of its obligations and provided all required notices to Big M II.

20.     As a direct and proximate result of the Big M II's failure to timely pay the Invoices for deliveries performed by Cargo Freight, Cargo Freight has suffered actual damages of One Hundred Fifteen Thousand and 00/100 ($115,000.00) Dollars, not including all accrued interest and attorney's fees and costs.

**FOR A FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS**
**(Violation of 49 U.S.C § 14916)**

21.     Cargo Freight realleges and incorporates herein the preceding allegations of its complaint as if fully stated herein verbatim.

22.     49 U.S.C § 14916 creates a private cause of action for parties adversely affected by a noncompliant broker, as defined in 49 U.S.C.A. § 13904. *See Id.* at (c)(2).

23.     49 U.S.C § 14916 permits an affected party, such as Plaintiff, to recover 'all valid claims incurred without regard to amount'. *Id.*

24.     49 U.S.C § 14916 further permits an affected party, to recover against 'any corporate entity or partnership involved' with the noncompliant broker as well as 'individual officers, directors, and principals' of the noncompliant broker and associated corporate entities and/or partnerships. *See Id.* at (d)(1-2).

25.     Upon information and belief, Big M and Big M Logistics are separate corporate entities involved in the operation of Big M II. Furthermore, Big M II, Big M, and Big M Logistics have the same individual officer, director, and principal, which is Massengill according to the records of the Mississippi Secretary of State (collectively "Defendants").

26.     On April 6, 2026, the Department of Transportation served Big M II with notice of involuntary revocation of its Broker License.

27.     Despite being placed on notice that BIG M II's license was being revoked due to noncompliance with the Department of Transportation's registration requirements in 49 U.S.C.A.

§ 13904, Big M II knowingly and intentionally continued to enter into dozens of contracts with Cargo Freight.

28.    BIG M II failed to notify Cargo Freight of the Department of Transportation's service of involuntary revocation of its license, nor was Cargo Freight otherwise on notice of the same.

29.    Big M II failed to comply with 49 U.S.C.A. § 13904 all at times relevant to this dispute.

30.    Big M II's failure to comply with 49 U.S.C.A. § 13904 is a violation of 49 U.S.C.A. § 14916.

31.    As a result of Big M II's violation of 49 U.S.C.A. § 14916 (c)(2), Plaintiff is entitled to 'all valid claims incurred without regard to amount', which includes the principal balance owed for the loads completed, prejudgment interest, attorney's fees and costs, and other damages which may be allowed by the Court. Furthermore, Plaintiff is entitled to recover these amounts against Defendants, jointly and severally, pursuant to 49 U.S.C.A. § 14916 (d)(1-2).

32.    Cargo Freight is entitled to Judgment against the Defendants in the amount of One Hundred Fifteen Thousand and 00/100 ($115,000.00) Dollars, together with prejudgment interest at the rate of 8.75% pursuant to S.C Code Ann. § 34-31-20, and attorney's fees and costs.

<u>**FOR A SECOND CAUSE OF ACTION AS TO BIG M II**</u>
**(Breach of Contract)**

33.    Cargo Freight realleges and incorporates herein the preceding allegations of its complaint as if fully stated herein verbatim.

34.    Per the RCAs, later evidenced in the Invoices, Cargo Freight and Big M II entered into a contractual agreement whereby Cargo Freight performed deliveries for Big M II in exchange for payment for the same from Big M II.

35.     The RCAs and Invoices constitute valid, binding contracts between Cargo Freight and Big M II.

36.     Cargo Freight timely and successfully performed deliveries for Big M II.

37.     Notwithstanding, Big M II has failed to make payment for said deliveries made by Cargo Freight and have incurred a past due balance for deliveries performed by Cargo Freight. Big M II's conduct as described in this Complaint, specifically including but not limited to, non-payment of amounts due and owing to Cargo Freight constitutes a Breach of Contract.

38.     The outstanding principal balance owed by Big M II pursuant to the RCAs and Invoices is One Hundred Fifteen Thousand and 00/100 ($115,000.00) Dollars, not including prejudgment interest pursuant to S.C Code Ann. § 34-31-20 and attorney's fees and costs.

39.     Cargo Freight is entitled to receive as the result of Big M II's breach of contract in the principal amount of One Hundred Fifteen Thousand and 00/100 ($115,000.00) Dollars, together with prejudgment interest pursuant to S.C Code Ann. § 34-31-20.

### FOR A THIRD CAUSE OF ACTION AS TO BIG M II
**(Unjust Enrichment)**

40.     Cargo Freight realleges and incorporates herein the preceding allegations of its complaint as if fully stated herein verbatim.

41.     In the alternative If the RCAs or Invoices between the parties are found to be invalid, Cargo Freight is entitled to recover based on Unjust Enrichment for the value of deliveries provided to Big M II.

42.     As set forth above, the Defendants have failed to pay Cargo Freight for deliveries provided for Big M II, and consequently, Big M II has received a benefit with knowledge of the benefit.

43.    Big M II's failure to pay Cargo Freight constitutes voluntary acceptance and retention of benefits conferred upon it.

44.    The value of aforesaid deliveries performed by Cargo Freight to Big M II is One Hundred Fifteen Thousand and 00/100 ($115,000.00) Dollars, not including prejudgment interest pursuant to S.C Code Ann. § 34-31-20.

45.    It would be inequitable to allow Big M II to have the benefit of Cargo Freight's deliveries without paying the value of said deliveries to Cargo Freight. Cargo Freight has no adequate remedy of law to protect it, so equitable relief is necessary. Cargo Freight has retained the services of the undersigned attorneys to represent it in this matter, the costs of which should be taxed to Big M II.

**RELIEF REQUESTED**

**WHEREFORE**, Cargo Freight prays for the following relief:

A.    Judgment against Big M Transportation, Inc., BIG M II, Inc. f/k/a Diesel Express, Inc., Big M Logistics, Inc., and Michael Massengill, jointly and severally, pursuant to the First Cause of Action for One Hundred Fifteen Thousand and 00/100 ($115,000.00) Dollars and accrued prejudgment interest at the rate of 8.75%, reasonable attorney's fees, costs, and expenses;

B.    Judgment against BIG M II, Inc. pursuant to the Second Cause of Action for the principal outstanding balance of One Hundred Fifteen Thousand and 00/100 ($115,000.00) Dollars and accrued prejudgment interest at the rate of 8.75%, reasonable attorney's fees, costs, and expenses;

C.    In the alternative, judgment against BIG M II, Inc. pursuant to Cargo Freight's Third Cause of Action hereof in an amount of at least One Hundred Fifteen Thousand and 00/100 ($115,000.00) Dollars, accrued prejudgment interest at the rate of 8.75%, and reasonable attorney's fees, costs;

D.    The costs of this action and such further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

s/Dylan R. Glick
Dylan R. Glick, Fed. ID No. 13618
Gallivan, White & Boyd, P.A.
1201 Main Street, Suite 1200
Columbia, SC 29201
dglick@gwblawfirm.com

**_Attorney for Plaintiff_**

July 31, 2026